## Case No. 3,860.

### DEXTER v. DEXTER.

[4 Mason, 302.][1]

Circuit Court, D. Rhode Island. Nov. Term, 1826.

DESCENT AND DISTRIBUTION—ANCESTRAL PROPERTY—FIRST AND SECOND COUSINS.

Under the statute of descents of Rhode Island of 1882 (Laws, p. 222), where the intestate died seised of an estate, which came to him from his ancestor by descent, and he left no children, but only first and second cousins of the whole blood, it was held that the first cousins were not exclusively entitled to the estate as next of kin, but that the second cousins also were entitled to share by right of representation of their parents.

[This was an action of ejectment by Edward Dexter, Jr., against William Dexter.] The cause came on to be heard upon a special statement of facts agreed by the parties, as follows: "It is agreed that the estate described in the plaintiff's declaration, descended from Stephen Dexter, the grandfather of the brothers, Joseph Dexter and Moses Dexter, late of North Providence, deceased, through their father, Joseph Dexter, first to the said first named Joseph, the brother, and transmitted by inheritance from him to his brother, the said Moses, the person last seised, as follows, viz. That the said Stephen married Mary Whipple, and died December 27, 1758, intestate, having had issue by his said wife, four sons, viz. Joseph the oldest, Christopher the second, Jeremiah the third, Edward the fourth son; and three daughters, viz. Susan, Freelove, and Waite, of which issue, the said Joseph died, during the life of said Stephen, having married Mary Esten, by whom he had issue the said brothers Joseph the oldest, and Moses, both surviving their said father, Joseph Dexter. That the said Joseph Dexter, brother of said Moses, at the decease of his said grandfather Stephen, took the said estate as oldest son and heir at law of his said deceased father, Joseph Dexter, the right of primogeniture then being the law of the state, and died intestate and without issue. and so seised of the premises between the years 1798 and 1822, to wit, in 1811. That the said Moses, on the decease of his said brother, took, and was seised of the said estate, by inheritance in fee simple, and continued so seised during the residue of his life, and in the latter part of the year 1825, died so seised intestate without issue. That the said Christopher Dexter, second son of said Stephen, died many years before the decease of said Moses, having had issue William, Abigail, Amey, Hetty, Alice, Lydia, Ada, Waite, who survived the said Moses, and are living, and Lewis, who died before the decease of said Moses, leaving issue now living. That the said Jeremiah Dexter, third son of Stephen, died many years before the decease of said Moses, having had issue eight children, of whom four died without issue in the lifetime of said Moses, and four, viz. Stephen, Edward, Susan Ann, and Freelove survived said Moses and are living. That the said Edward, fourth son of said Stephen, died many years before the decease of said Moses, having had issue Susan, Stephen, Abigail, and Edward, the grantor of the plaintiff, of whom two only survived said Moses, and are living, viz. Stephen and the said Edward, and the said Susan died without issue in the lifetime of said Moses, and the said Abigail last aforesaid died in the lifetime of said Moses, having married and had issue Abigail and Ephraim Comstock, of whom the said Ephraim Comstock survives, and the said Abigail Comstock died in the lifetime of said Moses, having married and leaving issue, Thomas and Abby Fosdick, who survive. That the said Susan, the oldest daughter of said Stephen married William Brown, and died long before the decease of said Moses, having had issue six children, of whom five, viz. Dexter, Freelove, Mary, Huldah, and Waite died before the decease of said Moses, leaving issue, some of whom are still living, and the other child of said Susan, viz. Amey, now Amey Martin, is still living, having issue. That Freelove, the second daughter of said Stephen, married Peter Randall, and died long before the decease of said Moses, having had issue seven children, of whom five, viz. Joseph, William, John, and Stephen Randall, and Waite Harris, are still living, and two, viz. Freelove and Amey died before the decease of said Moses, having each married Enoch Angell, by whom they left issue, each two children still living, viz. Sally, Nathaniel, Elisha, and Randall Angell. That Waite, the third daughter of said Stephen, married Charles Field, and died in 1808, before the decease of said Joseph or Moses, having issue one daughter, Waite, who married John Brown, and died in 1819, before the decease of said Moses, having issue one daughter, Martha, now Martha Howell, one of the defendants, still living."

The sole question in the case was upon the construction of certain clauses in the statute of descents of 1822, of the state of Rhode Island. The defendants contended, that under that statute Martha Howell, as heir and representative of her grandmother, Waite Dexter, and her mother, Waite Brown, was a co-heir of the estate. This was denied on the other side.

J. L. Tillinghast, for plaintiff.

Thomas Burgess and Mr. Hunter, for defendant.

STORY, Circuit Justice. The statute of descents of Rhode Island (page 222), enacts, "that when any person, having title to any real estate of inheritance, shall die intestate as to such estate, it shall descend and pass in equal portions to his or her kindred," in the manner pointed out by the act. One of the clauses, applicable to the facts of the present case, is, "if there be no grandfather,

[1] [Reported by William P. Mason, Esq.]

then· to the grandmother, uncles, and aunts, on the same side, and their descendants, or such of them as there be." Afterwards comes the following clause: "The descendants ·of any person deceased shall inherit the estate, which such person would have inherited, had such person survived the intestate." And immediately succeeds the following clause: "When the title to any real estate of inheritance, as to which the person, having such title, shall die intestate, came by descent, gift, or devise, from the parent or other kindred of the intestate, and such intestate die without children, such estate shall go to the kin next to the intestate, ·of the blood of the person from whom such estate came or descended, if· any there be." Moses Dexter died seised of the estate in question intestate; he took the estate by descent from an ancestor, to whom all the parties are of the whole blood. All the claimants stand in the relation of first or second cousins to the intestate. The argument on behalf of the plaintiff is, that, under the clause of the statute last quoted, this being an ancestral estate, none but persons, who are of kin next to the intestate, can inherit; and although all the claimants are of the whole blood, yet the first cousins are alone, in the sense of the act, next or nearest of kin. The second cousins, such as Martha Howell, are not, within the clause, next of kin.

If the case stood singly upon this clause of the statute, the argument would be irresistible, for the first cousins are nearer of kin than the second. But the prior clause in the statute provides for the right of representation of all descendants. If Waite Dexter, or Waite Brown, had ` survived the intestate, they would doubtless have been entitled to share in the estate. By this clause the descendants, by representation, are to inherit, as their ancestor would, if the ancestor had survived the intestate. It is argued, that this clause is not applicable to special cases, like the present, but only to cases falling within the general scheme of descents traced out by the act. But there is nothing in the act itself, which leads to such a conclusion. The mere priority of the clauses in the act establishes nothing; for each is an independent canon, and must be construed to apply to all cases, to which it may, in its general sense, be applied. The clause itself is universal and absolute in its terms. It includes all cases. What ground is there for the court to narrow down its universality? Under the old law of descents, no right of representation was allowed, except as far as brothers' and sisters' ·children. The act of 1822 abolished this limitation, and allowed this right of representation ad infinitum. The clause, as to ancestral estates, is perfectly sensible and correct without any limitation. Its object plainly is to ascertain, who are of the whole blood; and when this is ascertained, the scheme of descents is the same as in common cases. In other words, the next of kin are to be ascertained by the general regulations of the act; and these provide for an indefinite representation by descendants of the person, who, if living, would have been the next of kin.

The judgment of the court is, that the plaintiff is entitled to recover only one eighteenth part of the estate. Judgment accordingly.